UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

A2 and A3, as Parents and Natural Guardians of S2,

                Plaintiffs,

    v.

HILTON CENTRAL SCHOOL DISTRICT,        Case No.:
NORTHWOOD ELEMENTARY SCHOOL,
and CASEY KOSIOREK,

                Defendants.
_____


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION TO PROCEED UNDER PSEUDONYMS**


**PULLANO & FARROW**

Mallory K. Smith, Esq.
Langston D. McFadden, Esq.
*Attorneys for Plaintiffs*
69 Cascade Drive, Suite 307
Rochester, New York 14614
Tel: 585-730-4773
Fax: 888-971-3736
msmith@lawpf.com
lmcfadden@lawpf.com

## PRELIMINARY STATEMENT

Plaintiffs A2 and A3, as parents and natural guardians of S2 (collectively, "Plaintiffs") submit this Memorandum of Law in support of their motion to proceed under pseudonyms in this litigation. Specifically, to proceed under the pseudonym "A2 and A3, as parents and natural guardians of S2".

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Court is respectfully referred to the Complaint, dated May 3, 2023, for a complete recitation of the factual background.

## ARGUMENT

Federal Rule of Civil Procedure Rule 10(a) requires a plaintiff to disclose his or her name in a complaint. Fed. R. Civ. Proc. 10(a). In certain circumstances, however, the Court may permit a plaintiff to file a complaint under a pseudonym. In *Sealed Plaintiff v. Sealed Defendant*, the Court held that plaintiff may proceed under a pseudonym "provided that that party's interest in anonymity is balanced against the public's interest in disclosure and whether there is any prejudice to the opposing party." 537 F.3d 185, 189 (2d Cir. 2008). In determining whether to permit a plaintiff to proceed under a pseudonym, the Court will consider a number of factors, including:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature . . .; (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties . . .; (3) whether identification presents other harms and the likely severity of those harms . . .; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . .; (5) whether the suit is challenging the actions of the government or that of private parties . . .; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court . . .; (7) whether the plaintiff's identity has thus far been kept confidential . . .; (8) whether the public's interest in the

> litigation is furthered by requiring the plaintiff to disclose is identity . . .; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities . . .; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff . . . .

*See id.* (internal quotation marks and citations omitted). "The decision whether to permit a party to proceed anonymously is within the sound discretion of the district court." *P.M. v. Evans-Brant Cent. Sch. Dist.*, 2008 U.S. Dist. LEXIS 112262, *7 (W.D.N.Y. Sept. 2, 2008); *Doe v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2005).

Plaintiff S2 in the above-captioned matter is a victim of sexual assault, the details of which are highly sensitive and personal in nature. S2 is a minor who is particularly vulnerable to the harms of public disclosure. Plaintiffs seek damages for physical, mental, and emotional injuries stemming from the negligent, reckless, and willful and wanton acts of defendants Hilton Central School District, Northwood Elementary School, and Casey Kosiorek. Plaintiffs seek to prosecute these claims without publicly disclosing their identities as a victim and the parent of a victim of child sexual assault because this matter is highly sensitive. Plaintiffs have already suffered significant pain, shock, shame, and embarrassment as a direct result of being sexually assaulted and/or the parent of a child who was the victim of sexual assault and the risk of future harm would be greater if the Plaintiffs' identities were to be made public. Finally, the interests of justice would be served by an Order keeping Plaintiffs' identities out of publicly filed documents. Plaintiffs are not requesting that filings be sealed, only that their names be substituted with pseudonyms. Plaintiffs' requested relief would strike the proper balance between Plaintiffs' privacy interest and the public's right to know.

**CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that this Court grant their request for an order permitting the above-captioned matter to proceed with the use of pseudonyms in place of Plaintiffs' names, together with such other and further relief that this Court deems just and proper.

DATED:  May 15, 2023
        Rochester, New York                                **PULLANO & FARROW**

                                                    By: s/ Mallory K. Smith
                                                        Mallory K. Smith, Esq.
                                                        Langston D. McFadden, Esq.
                                                        *Attorneys for Plaintiffs*
                                                        69 Cascade Drive, Suite 307
                                                        Rochester, New York 14614
                                                        msmith@lawpf.com
                                                        lmcfadden@lawpf.com
                                                        Tel: 585-730-4773
                                                        Fax: 888-971-3736